**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4924

SIDIKE CONDE, a/k/a Abu Konneh,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-99-262-S)

Submitted: June 30, 2000

Decided: September 12, 2000

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul Michael Polansky, PAUL MICHAEL POLANSKY, P.A., Balti-
more, Maryland, for Appellant. Lynne A. Battaglia, United States
Attorney, Jane M. Erisman, Assistant United States Attorney, Harvey
Ellis Eisenberg, Assistant United States Attorney, Baltimore, Mary-
land, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sidike Conde was convicted by a jury of conspiracy to distribute and possess with intent to distribute heroin and cocaine (21 U.S.C. § 846 (1994)) and sentenced to eighty-seven months imprisonment. He appeals, claiming that the evidence was insufficient to support his conviction. We disagree and therefore affirm Conde's conviction.

Viewed in the light most favorable to the government, see Evans v. United States, 504 U.S. 255, 257 (1992), the evidence adduced at trial established the following facts. Two cooperating witnesses testified for the government: Robert Carroll, Jr., and Veronica Rodriguez. Carroll testified that he began purchasing drugs (primarily cocaine) from Eddie Pena in 1997, and that he (Carroll) had first met Conde in December 1997, when Conde drove Pena in a limousine to Baltimore to meet Carroll. Both Pena and Conde showed Carroll how to operate a hidden compartment in the limousine which, Pena told Carroll, would hold about five kilograms.

Carroll estimated that Conde drove the limousine to Baltimore on at least fifteen occasions to either drop off drugs or pick up money. On several of these trips, Conde was accompanied by Veronia Rodriguez. Rodriguez testified that she made approximately four deliveries for Pena and Carroll in the limousine driven by Conde and that he had personally observed several exchanges of drugs for cash. Conde showed Rodriguez how to operate the hidden compartment in the limousine and also told her how to handle the police in case they were stopped for any reason.

Finally, Special Agent Susan Gibson testified that she personally inspected the limousine driven by Conde and corroborated Rodriguez's and Carroll's testimony regarding the hidden compartment. A videotape was played for the jury depicting Gibson operating the triggering mechanism inside the rear of the limousine.

2

A defendant challenging the sufficiency of the evidence to support a conviction bears "a heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). In reviewing the sufficiency of the evidence supporting a criminal conviction, our role is limited to considering whether "there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

To prove conspiracy to distribute a controlled substance, the government must establish: (1) an agreement to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996). With respect to the last element, the government need not prove that the defendant knew the particulars of the conspiracy or all of his co-conspirators. Id. at 858.

We find that this evidence was sufficient to support Conde's conviction. To the extent that he challenges the credibility of the cooperating witnesses' testimony, this court does not review the credibility of witnesses. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3